■ JUAN FELICIANO, Appellant, v. JOSE GONZALEZ et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated July 7, 1972, as, upon reargument, adhered to the original decision denying his motion to vacate a dismissal of the action and to restore the case to the Trial Calendar and (2) from a further order of the same court, dated October 16, 1972, which denied plaintiff's motion for further reargument. Appeal from order dated October 16, 1972, dismissed, without costs. An order denying reargument of a motion is not appealable. Order dated July 7, 1972, reversed insofar as appealed from, without costs, and plaintiff's motion to vacate the dismissal and to restore the case to the trial calendar granted. In our opinion, under the facts and circumstances of this case, plaintiff did not evince a willful intent to abandon his action and the matter should be determined on the merits at trial. Gulotta, P. J., Hopkins, Martuscello, Shapiro and Munder, JJ., concur.

■ In the Matter of JOAN BROWN, Petitioner, v. MIODRAG RISTICH, as Director of Willowbrook State School, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination dated December 27, 1972, which, after a hearing, dismissed petitioner from her position at Willowbrook State School. Petition granted and determination annulled, on the law, with costs. The evidence to establish that petitioner assaulted a patient was by the alleged victim and another patient. Neither understood the nature of an oath and testified without being sworn. In finding petitioner guilty of the charge, respondent's hearing officer based his decision on the testimony of these two patients and thus petitioner was denied a fair hearing, as such testimony was inadmissible (*Matter of Sowa* v. *Looney,* 23 N Y 2d 329, 333–334). Gulotta, P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.